**ARDEN PROPERTIES, Respondent,**

v.

**LeRoy H. ANDERSON, Appellant.**

**No. C5–90–1825.**

Court of Appeals of Minnesota.

Aug. 20, 1991.

Gregory R. Solum, Edina, for respondent.

George P. Hoke, Minneapolis, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and KALITOWSKI, JJ.

SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

FACTS

This appeal was determined by this court's unpublished opinion affirming the trial court. *Arden Properties v. Anderson*, No. C5–90–1825, 1991 WL 30330 (Minn.App. March 12, 1991). A transcript was prepared for the appeal and the court reporter filed a certificate of delivery on August 30, 1990. Almost one year has elapsed since the transcript was delivered, but the reporter has not been paid for the transcript.

The reporter requested this court's assistance in obtaining payment. By order dated July 25, 1991, this court directed appellant's counsel to file proof of payment for the transcript expenses. Counsel moves to vacate this court's July 25 order, arguing he is not personally liable and this court lacks jurisdiction because the appeal is no longer pending.

DECISION

■ Although the appeal has been concluded, this court retains ancillary jurisdiction to issue all writs and orders necessary to enforce the appellate rules and our orders. *See* Minn.Stat. § 480A.06, subd. 5 (1990).

■ The appellate rules require "designating counsel" to sign the certificate as to transcript. Minn.R.Civ.App.P. 110.02,

subd. 2. Counsel must certify that satisfactory financial arrangements have been made for the transcription. *Id.* Counsel, rather than the client, ordered the transcript and signed the certificate stating that satisfactory financial arrangements had been made.

Consistent with this certification, counsel is obligated as an officer of the court to insure that the reporter is paid for the transcript, independent of counsel's right to recourse against his client. To hold otherwise would render meaningless the rule's requirement that satisfactory financial arrangements be made between the reporter and counsel.

Prompt preparation of appellate transcripts is vital to this court's ability to decide appeals quickly and avoid a backlog. If court reporters could not enforce counsel's certification regarding payment, they might elect to insist upon pre-payment in full, causing substantial delays in processing appeals. Enforcement of counsel's obligation to the reporter is imperative, out of fairness to the reporter and to prevent delay of the appellate process.

Motion to vacate denied.